**O**

# United States District Court
# Central District of California

JINGDONG LOGISTICS UNITED STATES COMPANY,

Plaintiff,

v.

READY ACQUISITION, INC. et al.,

Defendants.

Case № 5:22-cv-01018-ODW (SHKx)

**ORDER DENYING DEFENDANTS' MOTION FOR RULE 11 SANCTIONS [20]**

## I.   INTRODUCTION

This is a dispute involving a logistics contract.  On June 22, 2022, Plaintiff Jingdong Logistics United States Company brought suit against Ready Acquisition, Inc. and its two owners, Gregory Lawrance and James Gunter.  (Compl., ECF No. 1.) Lawrance and Gunter now move pursuant to Federal Rule of Civil Procedure ("Rule") 11 for sanctions against Jingdong, arguing Jingdong made and maintained baseless alter ego allegations against them.  (Mot. Sanctions ("Mot." or "Motion"), ECF No. 20.)  Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.  For the following reasons, the Court **DENIES** the Motion.

## II.  BACKGROUND

Ready Acquisition is a trading company that sells products such as t-shirts and caps; Lawrance and Gunter are the Chief Executive Officer and Chief Operating Officer, respectively, of Ready Acquisition.  (Compl. ¶¶ 4–5, 10.)  Jingdong provides logistics services, including shipping and warehousing of products.  (*Id.* ¶¶ 9, 12.)  In this action, Jingdong accuses Ready Acquisition of failing to pay for logistics services Jingdong provided and invoiced.

On June 23, 2021, Jingdong and Ready Acquisition entered into an agreement ("Service Agreement") under which Jingdong would provide storage, shipping, and other related services for Ready Acquisition's products.  (*Id.* ¶¶ 11–12.)  Under the Service Agreement, Ready Acquisition was required to pay Jingdong's invoices within fifteen days of issuance and to notify Jingdong of any invoice disputes within five days of receipt.  (*Id.* ¶¶ 14–16.)

Initially, Ready Acquisition paid Jingdong's invoices pursuant to the Service Agreement, (*see id.* ¶ 22), but beginning in December 2021, it stopped making payments to Jingdong, (*id.* ¶ 23).  Jingdong continued to provide Ready Acquisition with logistics services, and as of June 21, 2022, Ready Acquisition owed approximately $137,933.83 in unpaid invoices, $11,958.83 in late fees, and $3,464.95 in interest.  (*Id.* ¶¶ 26–27.)

In its Complaint, Jingdong asserts three causes of action against Defendants: (1) breach of contract; (2) breach of implied covenant of good faith and fair dealing; and (3) unjust enrichment.  (*Id.* ¶¶ 42–74.)  Jingdong further alleges that Lawrance and Gunter are the alter egos of Ready Acquisition.  (*Id.* ¶¶ 28–41.)  Defendants now move for sanctions against Jingdong on the grounds that Jingdong violated Rule 11 by including in the Complaint objectively baseless alter ego allegations when Jingdong

was in possession of information indicating that no alter ego relationship existed.[1] (Mot. 6.)  The Motion is fully briefed.  (Opp'n, ECF No. 22; Reply, ECF No. 25.)

### III.       LEGAL STANDARD

Under Rule 11, when an attorney files a paper with the court, the attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  Fed. R. Civ. P. 11(b)(2).  The attorney further certifies that "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(3); *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1361–62 (9th Cir. 1990).

"[T]he central purpose of Rule 11 is to deter baseless filings in district court and . . . streamline the administration and procedure of the federal courts."  *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).  Properly construed, Rule 11 sanctions are "an extraordinary remedy" reserved for "the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose."  *Operating Eng'rs Pension Tr. v. A-C Co.*, 859 F.2d 1336, 1344–45 (9th Cir. 1988).  "Rule 11 must not be construed so as to conflict with the primary duty of an attorney to represent his or her client zealously."  *Id.* at 1344; *Lake v. Hobbs*, --- F. Supp. 3d ---, 2022 WL 17351715, at *3 (D. Ariz. 2022) ("Sanctions therefore should be imposed only in the most egregious situations, lest lawyers be deterred from vigorous representation of their clients." (internal quotation marks omitted)).

Sanctions under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated."  Fed. R. Civ.

---

[1] The Motion is in violation of Central District of California Local Rule 5-4.3.1 regarding PDFs, scanned documents, and the ability to search text in court filings.  The Court will not strike the motion *sua sponte* due to this defect, but the parties should ensure compliance with this and all applicable rules in the future.

P. 11(c)(4).  Sanctions "may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation."  *Id.*

## IV.    DISCUSSION

As a preliminary matter, Jingdong argues the Court should deny Lawrance and Gunter's Motion for failure to meet and confer as required by Central District Local Rule 7-3.  (Opp'n 6–9.)  However, as explained below, the Court denies the Motion on a different basis, and it does not reach this additional argument.

Lawrance and Gunter ask the Court to sanction Jingdong for alleging in the Complaint that they are the alter ego of Ready Acquisition.  "The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests."  *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1135–36 (C.D. Cal. 2015) (citing *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985)).  "The purpose of the doctrine is to bypass the corporate entity in order to avoid injustice."  *Id.* at 1136.

When a complaint is the primary focus of Rule 11 proceedings, a district court must conduct a "two-prong inquiry" by asking (1) "whether the complaint is legally or factually 'baseless' from an objective perspective," and (2) whether the attorney failed to conduct a "'reasonable and competent inquiry' before signing and filing it."  *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).  Courts impose Rule 11 sanctions only when the answer to both of these questions is 'yes.'  *See Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) ("[T]he word 'frivolous' . . . 'denote[s] a filing that is *both* baseless *and* made without a reasonable and competent inquiry.'" (quoting *Moore v. Keegan Mgmt. Co.*, 78 F.3d 431, 434 (9th Cir. 1996))).  "The complaint need not be wholly baseless to be sanctionable: A partially supported, partially unsupported filing may still be sanctionable."  *Lake*, 2022 WL 17351715, at *3.

Here, the Court finds that the alter ego allegations in Jingdong's Complaint were neither factually nor legally baseless "at the time that the position [was] adopted," that is, at the time Jingdong filed its Complaint. *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1538 (9th Cir. 1986). In reaching this conclusion, the Court "avoid[s] using the wisdom of hindsight," limiting its inquiry to whether a reasonable basis for alter ego allegations existed at the time the Complaint was filed, regardless of what Jingdong learned or discovered after it filed the Complaint. *Id.* at 1537 (quoting Fed. R. Civ. P. 11 advisory committee's note to 1983 amendment).

**A.    Reasonable Factual Basis**

Prior to filing the Complaint, Jingdong's attorneys investigated Ready Acquisition by sending a field agent to Ready Acquisition's registered principal office address and to Lawrance's personal address. (*See* Decl. Sijiu Ren ISO Opp'n ("Ren Decl.") ¶¶ 3–5, ECF No. 22-1.) In so doing, Jingdong discovered that (1) Ready Acquisition's office was occupied by new tenants, and that (2) packages addressed to Ready Acquisition were located on the front porch of Lawrance's residence. (*Id.*; Decl. Greg Lawrance ISO Reply ("Lawrance Decl.") ¶¶ 6–7, ECF No. 28.) Jingdong's attorneys conducted additional research and determined that Ready Acquisition's business status in the State of New Hampshire was "Not In Good Standing." (Ren Decl. Ex. A ("Business Information Inquiry"), ECF No. 22-2; Ren Decl. ¶ 6.) These discoveries provided Jingdong's counsel with a reasonable factual basis for including alter ego allegations against Lawrance and Gunter in Jingdong's Complaint.

Lawrance and Gunter argue otherwise, pointing to facts and developments that occurred after Jingdong filed its Complaint, (Mot. 6–8), but these facts are not relevant to whether the Court should sanction Jingdong for allegations made in the Complaint. Fed. R. Civ. P. 11(b); *Golden Eagle*, 801 F.2d at 1538.

Lawrance and Gunter further argue that Jingdong is withholding $400,000 of Ready Acquisition's inventory and thus contributing to the very insolvency Jingdong alleges supports alter ego liability.   (Reply 5.)   This argument is not well taken because there is no actual evidence of a causal link between Jingdong's withholding of inventory and Ready Acquisition's purported insolvency; and in any case, this attack on one component of Jingdong's alter ego theory, even if successful, would not render the alter ego theory factually or legally baseless.

**B.   Reasonable Legal Basis**

Moreover, the alter ego allegations themselves are not so legally deficient as to warrant sanctions under Rule 11.   In the Complaint, Jingdong alleges the familiar elements of alter ego liability—a unity of interest between Ready Acquisition, on one hand, and its owners, Lawrance and Gunter, on the other hand, and the inequitable result to Ready Acquisition's creditors if Lawrance and Gunter were to avoid individual liability.   (Compl. ¶¶ 30, 41); *see Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 526 (2000).   Jingdong includes several additional alter ego allegations, some of which are factually specific and some of which are boilerplate, (Compl. ¶¶ 28–41), but the question here is not whether the allegations are boilerplate such that they would not, for example, survive a Rule 12(b)(6) Motion.   *Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-cv-00448-NONE-SKO, 2022 WL 104245, at *15 (E.D. Cal. Jan. 10, 2022) ("Plaintiffs' agency and alter-ego allegations have been found to be legally insufficient . . . , but merely failing to state a claim does not justify the imposition of [Rule 11] sanctions."); *Intelligent SCM, LLC v. Qannu PTY Ltd.*, No. 2:14-cv-06417-MMM (VBKx), 2015 WL 13916820, at *27 (C.D. Cal. July 2, 2015) ("[P]leading defects may result in dismissal, but that is by no means the same thing as Rule 11 sanctions." (quoting *Dagupion v. Green Tree Servicing, LLC*, No. 11-00102 SOM/KSC, 2011 WL 6101024, at *9 (D. Haw. Dec. 7, 2011))). Instead, the question is whether the allegations have sufficient factual support (as discussed in the previous section, they do) and whether case law supports the kind of

alter ego theory Jingdong pursues.  The Court answers this second question in the affirmative.  The bar for avoiding Rule 11 sanctions is low; so long as "*some* plausible basis" exists for the allegations advanced, even a "weak" one will defeat imposition of Rule 11 sanctions.  *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1117 (9th Cir. 2001) (emphasis in original).

The present Motion and its disposition are similar to those in *In re California Bail Bond Antitrust Litigation*, 511 F. Supp. 3d 1031 (N.D. Cal. 2021).  In *California Bail Bond*, the plaintiffs brought an antitrust action against bail agencies and others, contending the defendants violated antitrust laws by conspiring to inflate the price of bail bonds by suppressing the legal use of rebates.  511 F. Supp. 3d at 1036.  One bail agency moved for Rule 11 sanctions against the plaintiffs based on the complaint, arguing that it had presented evidence to the plaintiffs that it had participated in rebate programs and therefore could not have engaged in a conspiracy to suppress rebating.  *Id.* at 1052–53.  The district court denied the bail agency's motion, explaining that it was enough if the ultimate alleged legal conclusion (there, that the bail agency was part of the antitrust conspiracy) had "some factual support," even if there existed other facts to the contrary.  *Id.* at 1054 (quoting *Frost v. LG Elecs. Inc.*, No. 16-cv-05206-BLF, 2017 WL 2775041, at *3 (N.D. Cal. June 27, 2017)).  Under the framework the district court applied in *California Bail Bond*, "[c]ircumstantial evidence, and the reasonable inferences drawn from that evidence, are treated as evidentiary support."  *Id.* at 1053–54 (quoting *Benedict v. Hewlett-Packard Co.*, No. 13-cv-00119-LHK, 2014 WL 234207, at *5 (N.D. Cal. Jan. 21, 2014)).  Here, Jingdong's attorneys' investigation of Ready Acquisition uncovered indications that Ready Acquisition was not operating separately from its owns.  This suggested a unity of interest between Ready Acquisition and its owners such that the information Jingdong's attorneys discovered, along with "reasonable inferences" drawn from that information, provided a reasonable factual and legal basis for the alter ego allegations.  *See Hamilton v. El Moussa*, No. 2:19-cv-08182-SB (AFMx), 2020 WL 13532605, at *4 (C.D. Cal.

Nov. 13, 2020) (declining to impose Rule 11 sanctions against a plaintiff for having asserted purportedly baseless alter ego allegations, even where "[t]he basis for those allegations was, to say the least, tenuous"); *Intelligent SCM*, 2015 WL 13916820, at *25.  Moreover, nothing Defendants provided Jingdong prior to the filing of the Complaint so definitively disproved alter ego liability such that alleging alter ego was frivolous.

Jingdong had a reasonable factual and legal basis for its alter ego allegations, and accordingly, the Court denies Lawrance and Gunter's Motion.  In so doing, the Court does not reach the question whether Jingdong's counsel's pre-filing inquiry was sufficient.  *See de Borja v. Razon*, 340 F.R.D. 400, 413 (D. Ore. 2021) ("Because defendants' motion for sanctions under Rule 11 fails at step one of the *Christian* inquiry, it is unnecessary to reach step two regarding the sufficiency of counsel's pre-filing inquiry.").

Finally, the Court declines to grant Jingdong's request for sanctions against Lawrance and Gunter for having brought their sanctions motion.  (Opp'n 18.) Jingdong's request is found in its Opposition and is procedurally improper, Fed. R. Civ. P. 11(c)(2); and in any case, the Court does not find that Lawrance and Gunter had no factual or legal basis for requesting sanctions against Jingdong.

## V.   CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendants' Motion for Rule 11 Sanctions.  (ECF No. 20.)


**IT IS SO ORDERED.**


January 6, 2023

_____

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**